Slip Op. 05-137

# UNITED STATES COURT OF INTERNATIONAL TRADE

————————————————————— :
 :
Slater Steels Corporation, *et al.*, :
 :
          Plaintiffs, :
 :
    v. :
 :
United States, :
 :
          Defendant : Before: Judith M. Barzilay, Judge
 :
—————————————————————:

————————————————————— :
 : Consol Ct. No. 02-00551
Viraj Group, :
 :
          Plaintiff, :
 :
v. :
 :
United States, :
 :
          Defendant, :
 :
and :
 :
Slater Steels Corporation, *et al.*, :
 :
          Defendant-Intervenors :
————————————————————— :

## OPINION

[Department of Commerce's *Final Results of Redetermination Pursuant to Remand III* sustained.]

Dated: October 20, 2005

    *Collier, Shannon, Scott, PLLC*, (*Robin H. Gilbert*), for Plaintiffs and Defendant-Intervenors Slater Steels Corp., *et al*.

*Miller & Chevalier Chartered*, (*Peter J. Koenig*), for Plaintiff Viraj Group.

(*Jeanne E. Davidson*), Deputy Director, Commercial Litigation Branch, Civil Division, United States Department of Justice; (*Stephen C. Tosini*), Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice; *Matthew D. Walden*, Office of Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for Defendant.

## I. Introduction

This case concerns repeated attempts by the United States Department of Commerce ("DOC", "government", or "Commerce") to collapse companies within the Viraj Group,[1] an Indian importer, pursuant to 19 C.F.R. § 351.401(f) (2000).[2] Plaintiff Viraj Group ("Viraj") and Defendant-Intervenors ("Slater") have brought successive challenges to Commerce's administrative decision to collapse three affiliated Viraj companies in order to calculate the dumping margin against imports of certain subject merchandise[3] entered during the period of review ("POR") between February 1, 2000, and January 31, 2001. The court has remanded this case to the government three times for reevaluation, and this opinion focuses on the resulting third set of remand results. *See Slater Steels Corp. v. United States*, 27 CIT ___, 279 F. Supp. 2d 1370 (2003) ("*Slater I*"); *Slater Steels Corp. v. United States*, 28 CIT ___, 316 F. Supp. 2d 1368

---

[1]The relevant Viraj Group companies in this action are Viraj Alloys, Ltd. ("VAL"), Viraj Impoexpo, Ltd. ("VIL"), and Viraj Forgings, Ltd. ("VFL").

[2]The regulation states:
(f) Treatment of affiliated producers in antidumping proceedings–
(1) In general. In an antidumping proceeding under this part, the Secretary will treat two or more affiliated producers as a single entity where those producers have production facilities for similar or identical products that would not require substantial retooling of either facility in order to restructure manufacturing priorities and the Secretary concludes that there is a significant potential for the manipulation of price or production.
19 C.F.R. § 351.401(f)(1).

[3]The subject merchandise at issue is stainless steel bar.

(2004) ("*Slater II*"); *Slater Steels Corp. v. United States*, 29 CIT ___, Slip Op. 05-23 (Feb. 17, 2005) ("*Slater III*").

In *Slater I* and *Slater II*, the court held that there did not exist substantial evidence on the record to warrant the government's collapse of VAL, VIL, and VFL under the three-prong test outlined in 19 C.F.R. § 351.401(f)(1). This test requires that the government must find that "(1) the [Viraj] companies are affiliated pursuant to 19 U.S.C. § 1677(33), (2) the companies are capable of producing similar or identical products without substantial retooling of each producer's facility, and (3) there is significant potential for the manipulation of price or production." *Slater I*, 279 F. Supp. 2d at 1376. In *Slater III*, the court reminded Commerce that the agency must "either employ the same methodology or give reasons for changing its practice" if it desires to break with its previous determinations. *Slater III*, Slip Op. at 9 (citing *Cinsa, S.A. de C.V. v. United States*, 21 CIT 341, 349, 966 F. Supp. 1230, 1238 (1997).

## II. Standard of Review

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(c) (2004). The court "must sustain 'any determination, finding or conclusion found' by Commerce unless it is 'unsupported by substantial evidence on the record, or otherwise not in accordance with the law.'" *Fujitsu Gen. Ltd. v. United States*, 88 F.3d 1034, 1038 (Fed. Cir. 1996) (quoting 19 U.S.C. § 1516a(b)(1)(B)). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Matsushita Elec. Indus. Co. v. United States*, 750 F.2d 927, 933 (Fed. Cir. 1984) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)) (quotations omitted). Further, it is crucial to recall that "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative

agency's finding from being supported by substantial evidence." *Id.* (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 619-20 (1966)) (quotations omitted). The court therefore "affirms Commerce's factual determinations so long as they are reasonable and supported by the record as a whole, even if there is some evidence that detracts from the agency's conclusions." *Olympia Indus, Inc. v. United States*, 22 CIT 387, 389, 7 F. Supp. 2d 997, 1000 (1998) (citing *Atl. Sugar, Ltd. v. United States*, 744 F.2d 1556, 1563 (Fed. Cir. 1984)). The court may not re-weigh the evidence or substitute its own judgment for that of the agency. *See Granges Metallverken AB v. United States*, 13 CIT 471, 474, 716 F. Supp. 17, 21 (1989).

### III. Discussion

### A. Collapsing VIL & VFL

In Commerce's *Final Results of Redetermination Pursuant to Remand III* ("*Remand Results III*"), the government collapsed VIL and VFL while treating VAL as a separate entity.[4] *See Slater III*, Slip Op. at 15; *Remand Results III* at 1. Plaintiff has never challenged the collapsing of VIL and VFL. *Comments on Commerce's Final Results of Redetermination Pursuant to Remand III* ("*Remand Results III Comments*") at 9. The government did not explain its method of determination within this set of Remand Results in accordance with *Slater I* and *Slater II*. *See Slater II*, 316 F. Supp. 2d at 1372; *Slater I*, 279 F. Supp. 2d at 1376, 1379. Nevertheless, because Plaintiff does not object to the final Remand Results, the issues regarding

---

[4]Contrary to the DOC's contention, this court did not forbid the government from collapsing all three companies within the Viraj Group; *Slater III* simply insisted that Commerce "provide an explanation regarding its method of determining the sufficiency" of such a departure from its precedent. *Slater III*, Slip. Op. at 14. *But see Def.'s Resp. Pl.'s Comments Concerning Third Remand Results* at 2, 4. It would lend credence to the DOC's arguments if it *accurately* and *consistently* cited to its sources.

the interpretation of the collapsing regulation as raised in *Slater I* and *Slater II* are moot.

Therefore, this court SUSTAINS the *Final Results of Redetermination Pursuant to Remand III.*

**B. Issues Contested by Plaintiff**

In its Comments on the DOC's *Remand Results III* , Plaintiff claims the government

"failed to calculate the most accurate and complete uncollapsed VIL margin by ignoring the

record evidence." *Remand Results III Comments* at 9. Specifically, Plaintiff wants the court to

have Commerce alter alleged errors within VIL/VFL's claimed U.S. indirect selling expenses

and then adjust the starting price of the constructed export price ("CEP") accordingly. *See*

*Remand Results III Comments* at 9.

The government and Viraj rebut that Plaintiff's claim "exceeds the Court's directive."

*Remand Results III* at 21. As Commerce correctly notes, "during the proceeding underlying

*Slater III*, no party objected to Commerce's treatment of Viraj's U.S. CEP selling expenses."

*Remand Results III* at 21. In fact, in the course of this case's history, Plaintiff never raised this

issue and has not even exhausted its administrative remedies. *Cf. Slater I*, 279 F. Supp. 2d at

1372 (noting that "sole issue" in case is collapsing of Viraj Group companies).

The court concurs with Commerce and Viraj. This court "generally takes a strict view of

the need to exhaust remedies by raising all arguments." *Pohang Iron & Steel Co. v. United*

*States*, 23 CIT 778, 792, 1999 WL 970743, at *13 (1999). When examining whether a party may

raise an issue for the first time on appeal, "the court looks at administrative efficiency and

fairness" in making its decision. *Id.* As a general rule, "the doctrine of exhaustion holds that 'no

one is entitled to judicial relief . . . until the prescribed administrative remedy has been

exhausted.'" *Ta Chen Stainless Steel Pipe, Ltd. v. United States*, 28 CIT ___, ___, 342 F. Supp.

2d 1191, 1205 (2004) (quoting *Sandvik Steel Co. v. United States*, 164 F.3d 596, 599 (Fed. Cir.

1998) (quoting *McKart v. United States*, 395 U.S. 185, 193 (1969))); *see* 28 U.S.C. § 2637(d).

In certain cases, when mandating administrative exhaustion would prove "futile or an insistence

on a useless formality[,]" the court has waived the requirement. *Alhambra Foundry Co. v.

United States*, 12 CIT 343, 347, 685 F. Supp. 1252, 1256 (1988). The issue raised by Plaintiff in

this case, however, does not meet these criteria. *See, e.g.*, *Budd Co., Wheel & Brake Div. v.

United States*, 15 CIT 446, 452 n.2, 773 F. Supp. 1549, 1555 n.2 (1991).[5] Therefore, the court

cannot address Plaintiff's claim at this time.


October 20, 2005                                       /s/ Judith M. Barzilay
Dated:_____           _____
New York, NY                                          Judge

---

[5]The four scenarios in which the court waives administrative exhaustion requirements are when:

    1. Plaintiff raised a new argument that was purely legal and required no further agency involvement.

    2. Plaintiff did not have timely access to the confidential record.

    3. A judicial interpretation intervened since the remand proceeding, changing the agency result.

    4. It would have been futile for plaintiff to have raised its argument at the administrative level.

*Budd Co.*, 15 CIT at 452 n.2 (citations omitted).