Slip Op. 06-134

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CARPENTER TECHNOLOGY CORPORATION, | |
| Plaintiff, | Before: Leo M. Gordon, Judge |
| v. | Court No. 04-00246 |
| UNITED STATES, | |
| Defendant. | |

**OPINION**

[Defendant's motion to dismiss denied; plaintiff's motion for judgment on the agency record denied; judgment for defendant.]

Dated: September 6, 2006

Kelley Drye Collier Shannon (Robin H. Gilbert) for the plaintiff.

Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director, and Jeanne E. Davidson, Deputy Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Michael Panzera); and Office of Chief Counsel for Import Administration, U.S. Department of Commerce (Ada E. Bosque), of counsel, for the defendant.

Gordon, Judge: Plaintiff Carpenter Technology Corporation moves for judgment upon the agency record pursuant to USCIT R. 56.2, challenging a decision of the United States Department of Commerce ("Commerce") to collapse two foreign producers and treat them as a single entity during an administrative review of an antidumping duty order covering stainless steel wire rods from India. Plaintiff, however, did not raise this issue before the agency, failing to exhaust its administrative remedies.

As an initial matter, defendant has moved to dismiss this action pursuant to USCIT R. 12(b)(1), mistakenly asserting that plaintiff's failure to exhaust administrative

remedies divests the Court of International Trade of subject matter jurisdiction. The requirement of exhaustion of administrative remedies for judicial review of antidumping determinations is not jurisdictional, but discretionary pursuant to 28 U.S.C. § 2637(d) (2000). See United States v. Priority Prods., Inc., 793 F.2d 296, 300 (Fed. Cir. 1986) (noting that the Court of International Trade has discretion to excuse failure to exhaust administrative remedies for actions covered by 28 U.S.C. § 2637(d) (2000)); see also Avocados Plus Inc. v. Veneman, 370 F.3d 1243, 1247-50 (D.C. Cir. 2004) (explaining the difference between jurisdictional and non-jurisdictional exhaustion of administrative remedies). Accordingly, defendant's motion to dismiss is denied. The court has jurisdiction pursuant to 19 U.S.C. § 1516a(a)(2)(B)(iii) (2000) and 28 U.S.C. § 1581(c) (2000). As explained below, however, plaintiff failed to exhaust its administrative remedies, and the court will therefore enter judgment in favor of defendant.

## I. Background

During the administrative review, which covers the period December 1, 2001 through November 30, 2002, Commerce collapsed respondents Viraj Alloys, Ltd. ("VAL") and VSL Wires, Ltd. ("VSL"). See Stainless Steel Wire Rods from India, 69 Fed. Reg. 29,923 (Dep't of Commerce May 26, 2004) (final results admin. review) ("Final Results"). When Commerce collapses two or more entities, it treats them as a "single entity" for the antidumping analysis and margin calculation. 19 C.F.R. § 351.401(f)(1) (2004). Prior to the Preliminary Results, Commerce issued an 8-page decisional memorandum analyzing the issue of collapsing and concluding that

VAL and VSL should be treated as a collapsed entity.  (Pl.'s Mot. J. Agency R., App. 5.) VAL and VSL were therefore collapsed for the Preliminary Results.  Stainless Steel Wire Rods from India, 68 Fed. Reg. 70,765, 70,771-72 (Dep't of Commerce Dec. 19, 2003) (prelim. results admin. review) ("Preliminary Results").  Plaintiff did not challenge Commerce's decision, opting not to address the issue.  Receiving no comments, Commerce treated VAL and VSL as one collapsed entity in the Final Results.

## II. Discussion

### Exhaustion of Administrative Remedies

When reviewing Commerce's antidumping determinations, the Court of International Trade requires litigants to exhaust administrative remedies "where appropriate."  28 U.S.C. § 2637(d) (2000).  This form of non-jurisdictional exhaustion is generally appropriate in the antidumping context because it allows the agency to apply its expertise, rectify administrative mistakes, and compile a record adequate for judicial review—advancing the twin purposes of protecting administrative agency authority and promoting judicial efficiency.  See Woodford v. Ngo, 548 U.S. __, __, 126 S. Ct. 2378, 2385 (2006) (discussing the "two main purposes" of exhaustion of administrative remedies); Avocados Plus Inc., 370 F.3d at 1247; Ta Chen Stainless Steel Pipe, Ltd. v. United States, 28 CIT __, __, 342 F. Supp. 2d 1191, 1206 (2004).

An exception to the requirement of exhaustion is futility.  See Budd Co., Wheel & Brake Div. v. United States, 15 CIT 446, 452 n.2, 773 F. Supp. 1549, 1555 n.2 (1991). Plaintiff argues that it would have been futile to raise the collapsing issue in the

administrative review because of Commerce's alleged "intransigence" in four other administrative proceedings involving the Viraj companies.[1]  (Pl.'s Reply Br. at 5.)  In those proceedings, Commerce collapsed the companies, rejecting plaintiff's arguments that the companies should be treated as separate entities.  (Pl.'s Reply Br. at 2-4.)

The court is not convinced that this matter was rendered futile by whatever difficulties plaintiff previously experienced in failing to persuade Commerce not to collapse the Viraj companies.  Collapsing is a complex, fact-specific issue, Slater Steels Corp. v. United States, 28 CIT __, __, 316 F. Supp. 2d 1368, 1379 (2004), which the court reviews on the administrative record.  See 28 U.S.C. § 2640(b) (2000); 19 U.S.C. § 1516a(b)(2) (2000).  The standard of review requires the court to uphold Commerce's collapsing decision unless it is unsupported by substantial evidence or otherwise not in accordance with law.  19 U.S.C. § 1516a(b)(1)(B) (2000).  For the court to apply this standard properly, plaintiff had to raise the issue to allow Commerce to compile an administrative record adequate for judicial review.  See McCarthy v. Madigan, 503 U.S. 140, 145 (1992) ("exhaustion of the administrative procedure may produce a useful record for subsequent judicial consideration, especially in a complex or technical factual context.").

---

[1]  Stainless Steel Wire Rod from India, 67 Fed. Reg. 37,391 (Dep't of Commerce May 29, 2002) (final results admin. review) (period of review: Dec. 1, 1999 through Nov. 30, 2000); Stainless Steel Wire Rods from India, 68 Fed. Reg. 26,288 (Dep't of Commerce May 15, 2003) (final results admin. review) (period of review: Dec. 1, 2000 through Nov. 30, 2001); Stainless Steel Bar from India, 67 Fed. Reg. 45,956 (Dep't of Commerce July 11, 2002) (final results admin. review) (period of review: Feb. 1, 2000 through Jan. 31, 2001); Stainless Steel Bar from India, 68 Fed. Reg. 47,543 (Dep't of Commerce Aug 11, 2003) (final results admin. review) (period of review: Feb. 1, 2001 through Jan. 31, 2002).

Commerce issued a detailed 8-page memorandum on the sole issue of collapsing before the Preliminary Results. Plaintiff therefore had the chance in its case brief to develop the administrative record by challenging the legal and factual bases for the agency's collapsing determination, which the agency could have addressed in the Final Results on the administrative record. By failing to brief the issue before the agency, plaintiff did not allow the agency to consider plaintiff's arguments in the first instance. See Unemployment Comp. Comm'n of Alaska v. Aragon, 329 U.S. 143, 155 (1946) ("A reviewing court usurps the agency's function when it sets aside the administrative determination upon a ground not theretofore presented and deprives the [agency] . . . of an opportunity to consider the matter, make its ruling, and state the reasons for its action.") (emphasis added) (footnote omitted). Plaintiff's failure has left the court the task of sorting through post hoc rationalizations of agency counsel. See Burlington Truck Lines, Inc. v. United States, 371 U.S. 156, 168-69 (1962) ("The courts may not accept . . . counsel's post hoc rationalizations for agency action; . . . an agency's discretionary order [must] be upheld, if at all, on the same basis articulated in the order by the agency itself . . . .").

Moreover, to the extent plaintiff argues in its brief before this court that Commerce wrongly changed its position from a prior administrative review in which it did not collapse the Viraj companies, Stainless Steel Wire Rod from India, 65 Fed. Reg. 31,302 (Dep't of Commerce May 17, 2000) (final results admin. review) (period of review: Dec. 1, 1997 through Nov. 30, 1998), plaintiff needed to raise that issue before the agency first. An agency "has the flexibility to change its position providing that it

explains the basis for its change and providing that the explanation is in accordance with law and supported by substantial evidence." <u>Cultivos Miramonte S.A. v. United States</u>, 21 CIT 1059, 1064 & nn.6-7, 980 F. Supp. 1268, 1274 & nn.6-7 (1997).  Plaintiff had the opportunity to develop the administrative record on this issue and challenge any change of agency practice, which the agency could have addressed on the administrative record.

It suffices to say that the exhaustion requirement is appropriate in this case.  Had plaintiff raised the collapsing issue before the agency, the administrative record would have been more fully developed and adequate for judicial review, the agency would have exercised its primary jurisdiction (without the need to rely on <u>post hoc</u> rationalizations of agency counsel), and the court could then have efficiently applied the standard of review to analyze whether the collapsing decision was supported by substantial evidence or otherwise in accordance with law.

### III. Conclusion

Plaintiff failed to exhaust its administrative remedies and the futility exception does not apply.  Accordingly, the court will enter judgment in favor of defendant.


                                                   /s/ Leo M. Gordon
                                              Judge Leo M. Gordon



Dated:	New York, New York
        September 6, 2006