Slip Op. 06-147

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CARPENTER TECHNOLOGY CORPORATION, | |
| Plaintiff, | Before: Leo M. Gordon, Judge |
| v. | Court No. 04-00508 |
| UNITED STATES, | |
| Defendant. | |

## OPINION

[Commerce's determination regarding collapsing sustained.]

Dated: October 5, 2006

Kelley Drye Collier Shannon (Robin H. Gilbert) for the plaintiff.

Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director, and Jeanne E. Davidson, Deputy Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Michael Panzera); and Office of Chief Counsel for Import Administration, U.S. Department of Commerce (Ada E. Bosque), of counsel, for the defendant.

Gordon, Judge:  Plaintiff Carpenter Technology Corporation moves for judgment upon the agency record pursuant to USCIT R. 56.2, challenging two decisions of the United States Department of Commerce ("Commerce") during an administrative review of an antidumping duty order covering stainless steel bar from India: (1) the collapsing of three foreign producers into a single entity for analyzing and calculating the applicable dumping margin, and (2) the revocation of the antidumping duty order for those same foreign producers.  The court has jurisdiction pursuant to

Section 516a(a)(2)(B)(iii) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(iii) (2000), and 28 U.S.C. § 1581(c) (2000).

Plaintiff failed to exhaust its administrative remedies on the collapsing issue during the administrative review. The court therefore sustains the Final Results with respect to Commerce's decision to collapse. For reasons not germane to this opinion, the court reserves decision on the issue of revocation.

## I. Background

During the administrative review covering the period February 1, 2002 through January 31, 2003, Commerce collapsed three respondents, Viraj Alloys, Ltd., Viraj Forgings, Ltd., and Viraj Impoexpo, Ltd., into a single entity, Viraj. See Stainless Steel Bar from India, 69 Fed. Reg. 55,409 (Dep't of Commerce Sept. 14, 2004) (final results admin. review) ("Final Results"). When Commerce collapses two or more entities, it treats them as a "single entity" for the antidumping analysis and margin calculation. 19 C.F.R. § 351.401(f)(1) (2004).

Before Commerce issued the preliminary results, Plaintiff raised the collapsing issue in two submissions. See Petitioner's Sept. 11, 2003 Comments on Viraj's Supplemental Questionnaire Responses (Pub. R. Doc. No. 155[1], Pl.'s Reply Br. App. 5) and Petitioner's Dec. 3, 2003 Comments on Viraj's Supplemental Questionnaire Responses (Pub. R. Doc. No. 185, Pl.'s Reply Br. App. 6). In each, Plaintiff sought to discourage Commerce from collapsing the Viraj companies by citing Slater Steels Corp. v. United States, 27 CIT __, 279 F. Supp. 2d 1370 (Aug. 21, 2003) ("Slater I").

---

[1] References to the public version of the administrative record will be cited as "Pub. R. Doc. No."

Slater I involved an earlier administrative review of the same antidumping duty order applicable in this case and was the first of four opinions to address Commerce's collapsing of the three Viraj respondents in that earlier proceeding.[2]  At the time of Plaintiff's two submissions in this case, however, only Slater I had been issued.  Plaintiff cited the case because the Slater I court did not sustain Commerce's collapsing decision, remanding the matter for further consideration.  Subsequently, after the Slater court failed to sustain Commerce's collapsing of the Viraj companies for the third time, Slater Steels Corp. v. United States, 29 CIT __, Slip. Op. 05-23 (Feb. 17, 2005), Commerce redid its analysis and margin calculation—collapsing Viraj Forgings and Viraj Impoexpo, while treating Viraj Alloys as a separate entity.  This result was ultimately sustained in the Slater court's fourth and final opinion.  See Slater Steels Corp. v. United States, 29 CIT __, 395 F. Supp. 2d 1353 (Oct. 20, 2005) (appeal voluntarily dismissed).

Despite Plaintiff's submissions regarding Slater I, Commerce went ahead and collapsed the Viraj companies in the preliminary results.  See Stainless Steel Bar from India, 69 Fed. Reg. 10,666, 10,670-71 (Dep't of Commerce Mar. 8, 2004) (prelim. results admin. review).  Following the preliminary results, Plaintiff chose not to address the collapsing issue in its case brief.  Commerce then took the same approach in the Final Results, collapsing the Viraj companies.  Commerce calculated a final

---

[2] The three subsequent Slater decisions are Slater Steels Corp. v. United States, 28 CIT __, 316 F. Supp. 2d 1368 (Mar. 8, 2004); Slater Steels Corp. v. United States, 29 CIT __, Slip. Op. 05-23 (Feb. 17, 2005); and Slater Steels Corp. v. United States, 29 CIT __, 395 F. Supp. 2d 1353 (Oct. 20, 2005) (appeal voluntarily dismissed).

dumping margin of 0.00% for the Viraj companies. Final Results, 69 Fed. Reg. at 55,411.

In response to Plaintiff's motion for judgment upon the agency record, Defendant argues that Plaintiff failed to exhaust its administrative remedies.

## II. Discussion

This court addressed the issue of exhaustion of administrative remedies and collapsing in Carpenter Tech. Corp. v. United States, 30 CIT __, Slip Op. 06-134 (Sept. 6, 2006), which involved the same plaintiff in this case. In Carpenter, the court explained that the Court of International Trade applies the non-jurisdictional exhaustion requirement of 28 U.S.C. § 2637(d) (2000) "where appropriate," and that exhaustion is "generally appropriate in the antidumping context because it allows the agency to apply its expertise, rectify administrative mistakes, and compile a record adequate for judicial review—advancing the twin purposes of protecting administrative agency authority and promoting judicial efficiency." Carpenter, 30 CIT at __, Slip Op. 06-134, at p. 3 (citations omitted).

The plaintiff in Carpenter never raised the issue of collapsing on the administrative record, leading to the court's denial of the claim based on plaintiff's failure to exhaust administrative remedies. Id., 30 CIT at __, Slip Op. 06-134, at p. 6. The facts here are slightly different with Plaintiff at least raising the issue of collapsing on the administrative record. See Petitioner's Sept. 11, 2003 Comments on Viraj's Supplemental Questionnaire Responses (Pub. R. Doc. No. 155, Pl.'s Reply Br. App. 5) and Petitioner's Dec. 3, 2003 Comments on Viraj's Supplemental Questionnaire

Responses (Pub. R. Doc. No. 185, Pl.'s Reply Br. App. 6).  The result, however, is the same because Plaintiff did not follow-through after the preliminary results and include the collapsing issue in its case brief before the agency.

Commerce's regulation governing case briefs comports well with the twin purposes of exhaustion and also speaks to the facts of this case:  "The case brief must present all arguments that continue in the submitter's view to be relevant to the . . . final results, including any arguments presented before the date of publication of the . . . preliminary results."  19 C.F.R. § 351.309(c)(2) (2004) (emphasis added).

Although Plaintiff advocated against collapsing in its two submissions prior to the preliminary results, Commerce concluded otherwise.  At that point, if Plaintiff believed that the collapsing issue was relevant to the Final Results, Plaintiff needed to include that issue in its case brief, as required by the regulation.  Commerce would then have known that Plaintiff had not waived the issue.  See Corus Staal BV v. United States, 30 CIT __, __, Slip. Op. 06-112, at p. 16 (holding that plaintiff failed to exhaust administrative remedies by failing to include issue in case brief).

In its briefs before this court, Plaintiff has presented extensive factual and legal arguments why Commerce erred in its collapsing decision.  Unfortunately, by not briefing the issue before Commerce, Plaintiff deprived the agency of the opportunity to consider these arguments in the first instance.  Plaintiff's omission frustrates the twin purposes of the exhaustion requirement, leaving the court in the same position as in Carpenter, having to sort through post hoc rationalizations of agency counsel, which is

not the desired posture for a complex, fact-specific issue like collapsing. See Carpenter, 30 CIT at ___, Slip Op. 06-134, at p. 5.

A party cannot abandon such an issue before the agency and then expect the court to apply the standard of review practically or efficiently—especially when a party seeks to rely on a host of factual and legal arguments spanning other administrative proceedings that the agency has not addressed on the applicable administrative record. To borrow from Carpenter:

> It suffices to say that the exhaustion requirement is appropriate in this case. Had plaintiff . . . [briefed] the collapsing issue before the agency, the administrative record would have been more fully developed and adequate for judicial review, the agency would have exercised its primary jurisdiction (without the need to rely on post hoc rationalizations of agency counsel), and the court could then have efficiently applied the standard of review to analyze whether the collapsing decision was supported by substantial evidence or otherwise in accordance with law.

Id., 30 CIT at __, Slip Op. 06-134, at p. 6.

### III. Conclusion

The exhaustion requirement is appropriate in this case, and Plaintiff failed to exhaust its administrative remedies. Accordingly, the court sustains Commerce's decision to collapse the Viraj companies. The court reserves decision on the issue of revocation.

     /s/ Leo M. Gordon     
Leo M. Gordon
Judge

Dated: New York, New York
     October 5, 2006