Slip Op. 07-18

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CARPENTER TECHNOLOGY CORPORATION, | |
| Plaintiff, | |
| v. | Before: Leo M. Gordon, Judge |
| UNITED STATES, | Court No. 04-00508 |
| Defendant. | |

**OPINION**

[Plaintiff's motion for judgment on the agency record denied; Commerce's administrative review results sustained.]

Dated: January 31, 2007

Kelley Drye Collier Shannon (Robin H. Gilbert) for the plaintiff.

Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director, and Jeanne E. Davidson, Deputy Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Michael Panzera); and Office of Chief Counsel for Import Administration, U.S. Department of Commerce (Ada E. Bosque), of counsel, for the defendant.

Gordon, Judge: Plaintiff Carpenter Technology Corporation moves for judgment upon the agency record pursuant to USCIT R. 56.2, challenging a decision by the U.S. Department of Commerce ("Commerce") to partially revoke the antidumping duty order covering stainless steel bar from India. See Stainless Steel Bar from India, 69 Fed. Reg. 55,409, 55,411 (Dep't of Commerce Sept. 14, 2004) (final results admin. review) ("2004 Administrative Review"). The court has jurisdiction pursuant to

Section 516a(a)(2)(B)(iii) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(iii) (2000),[1] and 28 U.S.C. § 1581(c) (2000).

Commerce's decision to partially revoke the antidumping order is supported by substantial evidence and is otherwise in accordance with law. The court therefore sustains Commerce's administrative review final results and denies Plaintiff's motion for judgment on the agency record.[2]

## I. Background

The Viraj Group is a collection of affiliated Indian exporters/producers of stainless steel bar that includes Viraj Alloys, Ltd., Viraj Forgings, Ltd., and Viraj ImpoExpo, Ltd. In two consecutive prior administrative reviews the Viraj Group received zero or de minimis margins. Stainless Steel Bar From India, 67 Fed. Reg. 53,336 (Dep't of Commerce Aug. 15, 2002) (amended final results of administrative review) ("2002 Administrative Review"); and Stainless Steel Bar From India, 68 Fed. Reg. 47,543 (Dep't of Commerce Aug. 11, 2003) (final results of administrative review) ("2003 Administrative Review"). Anticipating a third consecutive zero or de minimis margin for the 2004 Administrative Review (meeting the revocation requirement under 19 C.F.R. § 351.222 (2004) that merchandise not be sold at less than normal value for a period of at least three consecutive years), the Viraj Group requested partial revocation of the antidumping duty order.

---

[1] All further citations to the Tariff Act of 1930 are to the relevant provision in Title 19 of the U.S. Code, 2000 edition.

[2] In its motion for judgment on the agency record, Plaintiff also challenged Commerce's decision to collapse three foreign exporters/producers into a single entity for the dumping analysis. In a separate opinion the court sustained Commerce's collapsing decision, holding that Plaintiff failed to exhaust its administrative remedies on this issue. Carpenter Tech. Corp. v. United States, 30 CIT __, Slip Op. 06-147 (Oct. 5, 2006).

Opposing this request, Plaintiff argued to Commerce that revocation was impermissible because there had been no final determination of Viraj's dumping margins in the two consecutive prior reviews. Petitioner's Public Case Brief at 5 (Pub. R. Doc. No. 219, Pl.'s Br. App. 3). Specifically, Plaintiff noted that it had challenged the results of the two prior administrative reviews, and that one of the issues challenged, collapsing the Viraj Group for the dumping analysis, would likely be reversed, potentially requiring Commerce to reverse its previous findings of no dumping. Id. at 2-4. Plaintiff also noted that the Court of International Trade had remanded the collapsing issue to Commerce twice, and each time required Commerce to provide additional justification for collapsing the Viraj Group. Id.

Plaintiff argued that the revocation regulation, 19 C.F.R. § 351.222 (2004), prohibits Commerce from revoking an order "if there are claims or challenges directly affecting the basis for revocation that have not been resolved with finality." Id. at 5. Plaintiff also cited Certain Corrosion-Resistant Carbon Steel Flat Products and Certain Cut-to-Length Carbon Steel Plate from Canada, 65 Fed. Reg. 9,243, 9244-45 (Dept. of Commerce Feb. 24, 2000) (final results admin. review) ("Carbon Steel"), an administrative proceeding in which Commerce declined to revoke an antidumping duty order because of a pending anti-circumvention investigation.

In the final results Commerce calculated a third consecutive zero/de minimis dumping margin for the Viraj Group and partially revoked the antidumping duty order. 2004 Administrative Review, 69 Fed. Reg. at 55,411. Commerce addressed Plaintiff's revocation arguments as follows:

We disagree with the petitioners that this action cannot be taken before the litigation in previous segments has been concluded. It is not the Department's policy to delay granting revocation because of pending court appeals. [See, e.g., Certain Fresh Cut Flowers From Colombia, 59 Fed. Reg. 15,159, 15,166 (Dept. of Commerce Mar. 31, 1994) (final results admin review); Color Television Receivers from the Republic of Korea; 61 Fed. Reg. 4,408, 4,414 (Dept. of Commerce Feb. 6, 1996) (final results admin review)]. While we acknowledge that the CIT has remanded a portion of one of our prior decisions, it has not yet issued a ruling on our most recent remand redetermination. Moreover, our position in that litigation remains unchanged – namely that the final results were supported by substantial evidence and are fully in accordance with U.S. antidumping law. We note that, even after the remand redetermination, Viraj's margin remains de minimis. See Final Results of Redetermination Pursuant to Remand: Slater Steels Corporation v. United States, Slip Op. 04-22 (CIT March 8, 2004), (May 7, 2004). In any event, as the CIT has not rendered a final opinion in the cases under litigation that reverses the Department's decisions, we have continued to rely on the margins determined in the segments at issue because we consider them to be valid and reliable.

We also disagree with the petitioners that the circumstances here are similar to those involving pending anti-circumvention claims. As part of its revocation analysis under 19 CFR 351.222(b)(2)(i), the Department must determine whether the continued application of the antidumping order is otherwise necessary to offset dumping. It is entirely reasonable for the Department to consider a company's commercial behavior under the existing antidumping order (and any attempts to evade that antidumping order) in the context of this analysis. In contrast, here we have found that Viraj exported subject merchandise to the United States in commercial quantities for three years, and no party to the proceeding has alleged that Viraj has attempted to circumvent the antidumping order. Thus, we have no reason before us to question that Viraj's past commercial behavior will not be an accurate reflection of its future experience, and we have made our revocation decision accordingly.

2004 Administrative Review Decision Memorandum at 17, A-533-810, AR: 2/1/02-1/31/03 (Sept. 14, 2004), available at http://ia.ita.doc.gov/frn/summary/india/E4-2188-1.pdf ("Decision Memorandum").

In its opening brief before this court, Plaintiff effectively challenges Commerce's revocation decision as not being in accordance with law, arguing that the applicable

regulation, 19 C.F.R. § 351.222 (2004), prohibits revocation while there is pending litigation involving prior administrative reviews that form the basis for the revocation. Pl's. Br. at 11. In its reply brief, however, Plaintiff appears to shift the basis for its challenge and instead argues that Commerce's revocation decision is not supported by substantial evidence. Plaintiff contends that "Commerce has not shown that it was reasonable, given this record, to forge ahead to revoke the order, when there was a likely possibility that Viraj's dumping margins would increase from zero or de minimis, and thereby preclude granting the Viraj Group's revocation request." Pl.'s Reply Br. at 6.

## II. Standard of Review

Generally, the court sustains Commerce's determinations, findings, or conclusions unless they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i). More specifically, when reviewing Commerce's interpretation of its regulations, the court must give substantial deference to Commerce's interpretation, Torrington Co. v. U.S., 156 F.3d 1361, 1363-64 (Fed. Cir. 1998), according it "'controlling weight unless it is plainly erroneous or inconsistent with the regulation.'" Thomas Jefferson Univ. v. Shalala, 512 U.S. 504, 512 (1994) (citations omitted). And when reviewing whether Commerce's partial revocation decision for the Viraj Group is 'unsupported by substantial evidence,' the Court assesses whether the agency's determination, finding, or conclusion is "unreasonable." Nippon Steel Corp. v. United States, 458 F.3d 1345, 1351 (Fed. Cir. 2006).

### III. Discussion

The antidumping statute authorizes Commerce to "revoke, in whole or in part, . . . an antidumping duty order . . . after [an administrative review]." 19 U.S.C. § 1675(d)(1). By regulation, 19 C.F.R. § 351.222(b)(2) (2004), Commerce has defined the criteria for partial revocation of an antidumping duty order. One requirement is that the exporter or producer has sold the merchandise at not less than normal value for a period of at least three consecutive years. 19 C.F.R. § 351.222(b)(2)(i)(A) (2004). Another is that the continued application of the antidumping order is not otherwise necessary to offset dumping. 19 C.F.R. § 351.222(b)(2)(C) (2004).

Commerce's interpretation of the revocation regulation, which is supported by administrative precedent, allows the agency to consider revocation requests even when there is pending litigation involving prior reviews. Commerce stated in its Decision Memorandum that it did not agree with Plaintiff's proposed interpretation of the regulation, which would prohibit the consideration of revocation requests until pending litigation became final. The problem for Plaintiff is that nothing in 19 C.F.R. § 351.222 (2004) suggests that Commerce's interpretation is incorrect, let alone "'plainly erroneous or inconsistent with the regulation.'" Thomas Jefferson Univ., 512 U.S. at 512. Plaintiff all but concedes this point in its reply brief by choosing not to address this standard. Instead, Plaintiff changes its focus to an issue that it raises for the first time in its reply brief: whether Commerce's revocation decision is reasonable given the record—that is—whether it is supported by substantial evidence. Pl.'s Reply Br. at 6.

On the substantial evidence issue, Plaintiff incorrectly states that "Commerce has not explained why the facts of this case did not warrant a reasonable delay in deciding the revocation issue." Id. Commerce explained in its Decision Memorandum why Commerce continued to rely on the margin calculations from the prior reviews despite the pending litigation:

> While we acknowledge that the CIT has remanded a portion of one of our prior decisions, it has not yet issued a ruling on our most recent remand redetermination. Moreover, our position in that litigation remains unchanged – namely that the final results were supported by substantial evidence and are fully in accordance with U.S. antidumping law. We note that, even after the remand redetermination, Viraj's margin remains de minimis. See Final Results of Redetermination Pursuant to Remand: Slater Steels Corporation v. United States, Slip Op. 04-22 (CIT March 8, 2004), (May 7, 2004). In any event, as the CIT has not rendered a final opinion in the cases under litigation that reverses the Department's decisions, we have continued to rely on the margins determined in the segments at issue because we consider them to be valid and reliable.

Decision Memorandum at 17.

In reviewing the reasonableness of Commerce's conclusion that the prior review margin calculations were valid and reliable despite the pending Slater litigation, the court does not review Commerce's conclusion based on how the Slater litigation ultimately unfolded after the 2004 Administrative Review. Instead, the court considers the posture of the Slater litigation as it existed at the time of Commerce's decision in the 2004 Administrative Review. See 28 U.S.C. § 2640(b) (2000); 19 U.S.C. § 1516a(b)(2); cf. Co-Steel Raritan, Inc. v. ITC 357 F.3d 1294, 1316 (Fed. Cir. 2004) (noting that agency's decision has to be judged by the information available to the agency at the time of the agency's decision). At the time of the 2004 Administrative Review, the Slater court had issued two remands on the issue of collapsing the Viraj Group, but the

dumping margins for the Viraj Group were still <u>de</u> <u>minimis</u>.  Commerce noted there had been no discernible effect on the Viraj Group's margins.  Additionally, multiple remands in and of themselves do not necessarily implicate a change to a dumping margin.  <u>See, e.g.</u>, <u>Böwe Passat Reinigungs-Und Wäschereitechnik GmbH v. U.S.</u>, 21 CIT 604, 604-05, 980 F. Supp. 1262, 1263 (1997) (sustaining third remand determination with no change to original dumping margin).  Based on its experience conducting three administrative reviews with the Viraj Group, Commerce concluded that the <u>Slater</u> litigation would not affect the margin calculation for the Viraj Group in the prior administrative reviews.  Such fact-finding by Commerce was reasonable on this administrative record.

Finally, Plaintiff contends that Commerce's decision in <u>Carbon Steel</u> (where Commerce declined to revoke an antidumping order because of pending anti-circumvention litigation) and the <u>2004 Administrative Review</u> are inconsistent. Specifically, Plaintiff alleges that Commerce has "not explained in any meaningful way why it is justified in deferring revocation when anti-circumvention claims are pending, but not to defer revocation when a fundamental finding of fact on which revocation depends (i.e., the lack of dumping for three years) may well change because of a court challenge."  Pl.'s Reply Br. at 6-7.  Here again Plaintiff is incorrect because Commerce did explain in its Decision Memorandum why the two proceedings were different and why the outcomes were consistent:

> We also disagree with the petitioners that the circumstances here are similar to those involving pending anti-circumvention claims. As part of its revocation analysis under 19 CFR 351.222(b)(2)(i), the Department must determine whether the continued application of the antidumping order is otherwise necessary to offset dumping. It is entirely reasonable for

the Department to consider a company's commercial behavior under the existing antidumping order (and any attempts to evade that antidumping order) in the context of this analysis. In contrast, here we have found that Viraj exported subject merchandise to the United States in commercial quantities for three years, and no party to the proceeding has alleged that Viraj has attempted to circumvent the antidumping order. Thus, we have no reason before us to question that Viraj's past commercial behavior will not be an accurate reflection of its future experience, and we have made our revocation decision accordingly.

Decision Memorandum at 17. Commerce concluded that the commercial behavior of the Viraj Group manifested in three consecutive administrative reviews demonstrated to Commerce that continued application of the antidumping order was not necessary to offset dumping with respect to the Viraj Group, whereas the conduct of the exporter/producer in Carbon Steel, who was mired in an anti-circumvention proceeding, led Commerce to conclude that continued application of the antidumping order was necessary to offset dumping.

## IV. Conclusion

Commerce's decision to partially revoke the antidumping order for the Viraj Group is supported by substantial evidence and is otherwise in accordance with law. The court denies Plaintiff's motion for judgment on the agency record and will enter judgment in favor of defendant sustaining Commerce's administrative review final results.

                                                    /s/ Leo M. Gordon
                                                   Judge Leo M. Gordon

Dated: January 31, 2007
          New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CARPENTER TECHNOLOGY CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Before: Leo M. Gordon, Judge <br><br> Court No. 04-00508 |

## JUDGMENT

This case having been submitted for decision, and the court, after due deliberation, having rendered opinions; now in conformity with those opinions, it is hereby

**ORDERED** that Plaintiff's motion for judgment on the agency record is denied; and it is further

**ORDERED** that judgment is entered for the Defendant.

                                    /s/ Leo M. Gordon
                                    Judge Leo M. Gordon

Dated:  January 31, 2007
        New York, New York